IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GOMAR FAJARDO-TEJADA, | § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-192-RP |
| KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*, et al., | § § § § § | |
| Respondents. | § § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Gomar Fajardo-Tejada's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on January 26, 2026. (Dkt. 1). On January 29, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause as to why the petition should not be granted. (Dkt. 4). The Court's Show Cause Order noted that this Court has addressed similar issues of fact and law in *Ortega Munoz v. Noem*, No. 1:25-CV-1753-RP, 2025 WL 3218241 (W.D. Tex. Nov. 7, 2025); *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244 (W.D. Tex. Nov. 14, 2025); and *Guzman v. Bondi*, No: 1:25-CV-2055-RP, -- F. Supp. 3d --, 2025 WL 3724465 (W.D. Tex. Dec. 23, 2025). (*Id.*). Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and Miguel Vergara[1] (together, "Respondents") timely filed an Abbreviated Response to Habeas Petition. (Abbreviated Resp., Dkt. 6).

In their Abbreviated Response, Respondents concede that "this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case

---

[1] All individual respondents were sued in their official capacities. The Response is filed only on behalf of the federal employees in this action. (Dkt. 4, at 1 n.1).

should this Court follow the same legal reasoning in its prior decisions." (Abbreviated Resp., Dkt. 6, at 2). Specifically, Respondents identify seven parallel cases previously decided by other courts in this District dealing with questions of mandatory and discretionary detention under 8 U.S.C. §§ 1225(b) and 1226: *Navarro v. Bondi et al.*, No. 5:25-CV-1468-FB (W.D. Tex. Dec. 2, 2025); *Moradi v. Thompson et al.*, No. 5:25-CV-1470-OLG (W.D. Tex. Dec. 18, 2025); *Reyes v. Thompson et al.*, No. 5:25-CV-1590-XR (W.D. Tex. Dec. 12, 2025); *Acosta-Balderas v. Bondi et al.*, No. 5:25-CV-1629-JKP (W.D. Tex. Dec. 11, 2025); *Tisighe v. De Anda-Ybarra et al.*, No. 3:25-CV-593-KC (W.D. Tex. Dec. 5, 2025); *Chauhan v. Noem et al.*, No. 3:25-CV-574-DB (W.D. Tex. Dec. 8, 2025); *Gvedashvili v. Mooneyham et al.*, 6:25-CV-552-ADA-DTG (W.D. Tex. Dec. 22, 2025). (*Id.* at 2). Respondents admit that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Navarro v. Bondi*, *Moradi v. Thompson*, *Reyes v. Thompson*, *Acosta-Balderas v. Bondi*, *Tisighe v. De Anda-Ybarra*, *Chauhan v. Noem*, and *Gvedashvili v. Mooneyham*." (*Id.*).

Respondents ask the Court to "incorporate the filings" from those cases into the record of the instant action. (*Id.* at 3). The Court assumes that Respondents intended to incorporate specifically their responses in those cases, has reviewed such responses, and considers those arguments to be raised here. While some of the cases cited by Respondents speak to issues not squarely presented before the Court here—for example, the possible distinction between 8 U.S.C. §§ 1225(b)(1) and (b)(2)—the Court agrees with the analyses and outcomes in the on-point cited cases, *e.g.*, *Navarro v. Bondi*, No. 5:25-CV-1468-FB; *Reyes v. Thompson*, No. 5:25-CV-1590-XR (W.D. Tex. Dec. 12, 2025). This Court itself has previously granted habeas petitions in nearly identical factual circumstances, using similar legal reasoning. *See, e.g.*, *Ortega Munoz v. Noem*, No. 1:25-CV-1753-RP, 2025 WL 3218241 (W.D. Tex. Nov. 7, 2025); *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244 (W.D. Tex. Nov. 14, 2025); *Guzman v. Bondi*, No: 1:25-CV-2055-RP, -- F. Supp. 3d --, 2025 WL 3724465 (W.D. Tex. Dec. 23, 2025); *Hernandez Hervert v. Bondi*, No. 1:25-CV-1763-RP

(W.D. Tex. Nov. 14, 2025). Across these cases, the Court has also addressed—and rejected—the jurisdictional and administrative exhaustion arguments raised by Respondents in various combinations in the cases from which they seek to incorporate briefing. For the reasons identified in those cases, the Court will grant Petitioner's Petition for Writ of Habeas Corpus because his continued detention without bond under 8 U.S.C. § 1225(b) is a violation of the Immigration and Nationality Act ("INA").[2]

Therefore, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as follows.

1. Upon receipt of this order, Respondents shall immediately release Petitioner from custody;

2. Respondents shall release Petitioner under conditions no more restrictive than those in place prior to the detention at issue in this case;

3. As soon as is practicable, and no less than two hours before release, respondents shall notify Petitioner's counsel by email[3] of the exact location and time of Petitioner's release;

4. Respondents are enjoined from further detaining Petitioner under the asserted detention authority, 8 U.S.C. § 1225.

**IT IS FURTHER ORDERED** that Respondents shall provide a status report on **or before February 6, 2026**, detailing their compliance with this Order.

**SIGNED** on February 5, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] Having decided the case on the basis of the INA, the Court does not need to reach—and does not reach—the impact of the class action certification and declaratory judgment in *Bautista v. Noem*, No. 5:25-CV-1873 (C.D. Cal. Dec. 18, 2025).

[3] Jacqueline L. Watson, jacqueline@posadawatson.law.